UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELODIE REIGH FARNAN,

      Plaintiff,

   v.                                   6:18-CV-6832
                                            DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

On November 26, 2018, the plaintiff, Melodie Reigh Farnan, brought this action

under the Social Security Act ("the Act").  She seeks review of the determination by the

Commissioner of Social Security ("Commissioner") that she was not disabled.  Docket

Item 1.  On July 29, 2019, Farnan moved for judgment on the pleadings, Docket Item

10; on September 26, 2019, the Commissioner responded and cross-moved for

judgment on the pleadings, Docket Item 12; and on October 17, 2019, Farnan replied,

Docket Item 14.

For the reasons stated below, this Court grants Farnan's motion in part and

denies the Commissioner's cross-motion.[1]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of

inquiry."  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  The court "must first

---

[1]  This Court assumes familiarity with the underlying facts, the procedural history,
and the ALJ's decision and will refer to only the facts necessary to explain its decision.

decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I. ALLEGATIONS

Farnan argues that the ALJ erred in two ways. Docket Item 10-1 at 1. She argues first that the ALJ's RFC determination was not supported by substantial evidence and second that the ALJ relied on improper reasons in finding that Farnan's statements about her symptoms were not consistent with the medical record. *Id.* This Court agrees that the ALJ erred prejudicially and therefore remands to the Commissioner for proper consideration of whether Farnan's statements about her symptoms are consistent with the record evidence.

## II. ANALYSIS

An ALJ must "consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and . . . evaluate whether the statements are consistent with objective medical evidence and the other evidence." SSR 16-3P, 2017 WL 5180304, at *6 (Oct. 25, 2017). "The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person," however, and the ALJ therefore should "not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id.* at *11. Instead, the ALJ should evaluate only "the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." *Id.* And "[e]very effort should be made to separate a claimant's personality, however unsympathetic, from the evaluation of [his or her] physical [and mental] impairments." *Canty v. Colvin*, No. 6:14-CV-06713(MAT), 2015 WL 9077651, at *5 (W.D.N.Y. Dec. 16, 2015) (quoting *Martinez v. Heckler*, 629 F. Supp. 247, 251 (E.D.N.Y. 1986)).

Here, the ALJ found that Farnan's "lack of treatment compliance, difficultly accepting responsibility for her actions, and inaccurate hearing testimony demonstrate that, overall, her statements about the intensity, persistence and limiting effects of all her symptoms are lacking in consistency and persuasiveness." Docket Item 6-2 at 18. Specifically, the ALJ observed that Farnan had failed to comply with various mental-health-treatment programs, that she "tended to minimize her own actions as related to her substance abuse and resulting in legal charges," and that she had made several statements about her history of substance abuse that were contradicted by evidence in the record. *Id.* at 17-18.

3

The Commissioner concedes that two of the ALJ's reasons for rejecting Farnan's testimony—"inconsistent statements about her substance abuse history and sobriety" and "difficulty accepting responsibility for her actions"—"may not be appropriate reasons in considering subjective complaints." Docket Item 12-1 at 13. This Court agrees.

As an initial matter, both of those reasons pertain to only one of Farnan's severe impairments—"substance addiction disorder"—and have no relevance to her other "severe impairments: fibromyalgia; inflammatory arthritis; carpal tunnel syndrome; asthma; major depressive disorder; [and] panic disorder." *See* Docket Item 6-2 at 13.[2] Thus, in concluding "that, *overall*, [Farnan's] statements about the intensity, persistence and limiting effects of all her symptoms are lacking in consistency and persuasiveness," Docket Item 6-2 at 18 (emphasis added), the ALJ appears to have "assess[ed Farnan's] overall character or truthfulness" instead of comparing Farnan's claimed symptoms with the medical evidence "that is relevant to [her] impairments," *see* SSR 16-3P, 2017 WL 5180304, at *6. And, as the Commissioner seems to concede, *see* Docket Item 12-1 at 13, that was error. *See also Canty*, 2015 WL 9077651, at *5.

Moreover, if anything, Farnan's alleged "inconsistent statements" minimize rather than exaggerate the symptoms of her substance abuse. *See, e.g.*, Docket Item 6-2 at 17 (ALJ's observing that "[e]vidence from other sources documents [Farnan] with substance abuse disorder as early as 2012 and 2013" but Farnan testified "that she was not using or abusing illicit substances before . . . 2015"); *id.* (ALJ's explaining that

---

[2] In fact, although the ALJ found Farnan's substance addiction disorder to be a severe impairment, Farnan did not claim disability on that basis. *See* Docket Item 6-2 at 16 (explaining that Farnan "alleged that she was disabled due to sciatica, rotator cuff tendonitis in the left shoulder, arthritis in her hands and right knee, fibromyalgia, depression and anxiety with panic attacks").

evidence "directly contradict[ed Farnan's] hearing testimony that she was clean and sober between May 2015 and August 2016"). Seen in that light, Farnan's statements about her substance abuse should not have led the ALJ to discredit her statements about the other disability symptoms.

What is more, the ALJ's third rationale for rejecting Farnan's testimony—"lack of treatment compliance"—was error as well. While it is true that a claimant's failure to follow a prescribed treatment regimen can "render[ ] her ineligible for disability benefits," *see Glover v. Astrue*, 2010 WL 1035440, at *6 (W.D.N.Y. Mar. 18, 2010), the ALJ cited Farnan's failure to fully comply only with her *mental health* treatment. The ALJ did not explain—nor does the Court see—how Farnan's lack of compliance with her mental health treatment is relevant to an assessment of her statements about her symptoms related to fibromyalgia, inflammatory arthritis, carpal tunnel syndrome, or asthma. *See* Docket Item 6-2 at 13. Again, contrary to the regulations, the ALJ seems to have assessed Farnan's "overall character or truthfulness in the manner typically used during an adversarial court litigation." *See* SSR 16-3P, 2017 WL 5180304, at *11.

Finally, the Court cannot say that the ALJ's errors were harmless. *Cf. Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (declining to remand where "application of the correct legal principles to the record could lead [only to the same] conclusion"). Farnan testified, among other things, "that she could only stand for five to ten minutes due to pain in her back and neck." Docket Item 6-2 at 16. But the ALJ found that Farnan could perform "light work," *id.* at 15, which typically "requires a good deal of walking or standing," SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).

It is true, as the Commissioner observes, Docket Item 12-1 at 13, that the ALJ also found that "the totality of the record evidence supports the finding that the claimant can perform the range of light work" described in the RFC, Docket Item 6-2 at 18. The Commissioner urges the Court to find that this conclusion is supported by substantial evidence, and therefore, to uphold the ALJ's finding of no disability. Docket Item 12-1 at 13-14. But there is no way to know whether the ALJ's ultimate conclusion would have been different had he appropriately evaluated Farnan's testimony. Stated another way, because the ALJ committed legal error in rejecting Farnan's testimony about her symptoms and because that error may well have affected his RFC assessment, this Court cannot affirm by "appl[ying] the substantial evidence standard." *See Johnson*, 817 F.2d at 986.

Accordingly, the Court remands this matter so that the ALJ can reconsider and appropriately evaluate whether Farnan's statements about her symptoms are consistent with the evidence in the record.[3]

### <u>CONCLUSION</u>

For the reasons stated above, Farnan's motion for judgment on the pleadings, Docket Item 10, is GRANTED in part and DENIED in part, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 12, is DENIED. The decision

---

[3] This Court "will not reach the remaining issues raised by Farnan because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bonet ex rel. T.B. v. Colvin*, No. 1:13-CV-924, 2015 WL 729707, at *7 (N.D.N.Y. Feb. 18, 2015) ("Given the need to apply the proper legal standard, the Court will decline at this time to consider whether substantial evidence exists to support the findings the ALJ made.").

of the Commissioner is VACATED, and the matter is REMANDED for further

administrative proceedings consistent with this decision.

SO ORDERED.


Dated:     February 10, 2020
           Buffalo, New York


                                        s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE